# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00073-CV

**The Gaylord Skinner Trust, Gaylord Skinner and Ricki Don Skinner, Appellants**

**v.**

**Nathan Minchey and Gretchen E. Minchey, Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT NO. D-1-GN-04-003574, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

On February 1, 2008, appellants The Gaylord Skinner Trust, Gaylord Skinner and Ricki Don Skinner filed their notice of appeal and a motion to extend time to file their notice of appeal. On February 8, 2008, appellees Nathan Minchey and Gretchen E. Minchey filed a motion to dismiss for want of jurisdiction. The Mincheys contend that the Skinners failed to file their notice of appeal and their motion for extension of time within the time prescribed under rule 26 of the rules of appellate procedure. *See* Tex. R. App. P. 26.

If any party timely files a motion for new trial, the notice of appeal must be filed within 90 days after the trial court's judgment is signed. Tex. R. App. P. 26.1(a)(1). The appellate court may extend the time to file the notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the party files in the trial court the notice of appeal and files in the appellate court a motion to extend time complying with Rule 10.5(b). Tex. R. App. P. 26.3.

The district court's judgment was signed on October 15, 2007. The Skinners timely filed a motion for new trial on November 14, 2007. Therefore, the Skinners' notice of appeal was due on January 14, 2008. *See* Tex. R. App. P. 4.1(a), 26.1(a)(1). The Skinners' motion to extend time to file their notice of appeal was due on January 29, 2008. *See* Tex. R. App. P. 26.3.

"[O]nce the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). The Skinners did not file their notice of appeal and motion for extension of time until after January 29, 2008. Therefore, they failed to invoke our jurisdiction. Accordingly, we overrule the Skinners' motion for extension of time, grant the Mincheys' motion to dismiss, and dismiss this appeal for want of jurisdiction.[1] *See* Tex. R. App. P. 42.3(a).

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Dismissed for Want of Jurisdiction

Filed: March 4, 2008

---

[1] The Skinners have also filed a motion to extend time to file the clerk's record. In light of our dismissal of this appeal, we dismiss this motion as moot.